THE STATE, EX REL. BENJAMIN CHERNIN, RELATOR, v.
BOARD OF COMMISSIONERS OF THE TOWN OF NUT-
LEY, IN THE COUNTY OF ESSEX, DEFENDANT.

Argued July 26, 1923—Decided July 27, 1923.

**Rehearing—Alternative Privilege to Mould Pleadings so as to
Permit Appeal to Court of Errors and Appeals—Application
Denied—Reasons Stated.**

On rule to show cause why a rehearing should not be had
or permission granted to mould the pleadings to permit an
appeal.

Before Justices KALISCH and KATZENBACH.

For the relator, *Michael Tansey.*

For the defendant, *J. Harry Hull.*

PER CURIAM.

This case was decided on July 14th, 1923. Counsel for the
defendant subsequently applied for and was allowed a rule to
show cause why a rehearing should not be granted, or, in the
alternative, permission given to mould the pleadings so as to
permit an appeal to the Court of Errors and Appeals.

The contention made in behalf of the board of commis-
sioners of the town of Nutley for a rehearing is that the de-
cision rendered in this case is in conflict with the opinion of
this court in the case of *Buohl* v. *Beverly,* 90 *N. J. L.* 44,
which was an application for a writ of *mandamus* to compel
the calling of an election by the board of commissioners of
the city of Beverly to pass on a proposed ordinance for the
creation of a board of excise commissioners for that city
under the initiative and referendum feature of the Walsh act.
*Pamph. L.* 1911, *p.* 462. The application for the writ was
denied on the ground that the power to create an excise board
by ordinance no longer existed, as control over excise matters

had passed to the board of commissioners by adoption of the Walsh act, and such control could not be taken away from the board by an ordinance initiated by the voters, as the legislature did not intend, by use of the initiative and referendum, to make it possible to change fundamentally the scheme of government provided by the Walsh act with power concentrated in the board of commissioners. It will be observed that there is a distinction between the case of Buohl v. Beverly and the present case. In Buohl v. Beverly the proposed ordinance was one which the board of commissioners of Beverly could not have lawfully passed. The board was without power to pass an ordinance to create a board of excise. The proposed excise ordinance in its entirety, if adopted, would be illegal. In the present case the subject-matter of the proposed ordinance, namely, the regulation of the operation of auto buses and the licensing thereof, is a subject-matter upon which the board of commissioners of Nutley has the power to enact ordinances. We think this a sufficient difference to justify the difference in the treatment accorded the application in the case of Buohl v. Beverly and the present case. To pass upon all the features of a proposed ordinance which may never be enacted to ascertain in advance their validity or invalidity would be a work of supererogation, and would establish a dangerous precedent. Furthermore, there may often be portions of an ordinance, as in a law, which can be exscinded as illegal, without impairing the validity of the balance of the ordinance.

We see no reason why a rehearing should be granted.

Upon the question whether this court should give permission to the respondent to mould the pleadings so as to permit an appeal to the Court of Errors and Appeals, we are of the opinion that the present case is differentiated from such cases as *McDonald* v. *Freeholders of Hudson County,* 1 *Adv. R.* 525, and *Hoff* v. *Lee, Id.* 762, in which such permission was granted. In the cases mentioned to have denied the permission would have foreclosed the defeated party from an appeal. Such is not the policy or practice of this court. In the present case the questions raised by the respondent can all be

raised by *certiorari* if the proposed ordinance is enacted. The proceedings under a writ of *certiorari* can be reviewed by the Court of Errors and Appeals upon appeal. This leads us to refuse permission to mould the pleadings in this proceeding to permit an appeal.

The rule to show cause is discharged.